UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

DAMON RAY HOLLINGSWORTH,

        Petitioner,

v.

STATE OF MINNESOTA,

        Respondent.

Civil File No. 05-980 (DSD/SRN)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's self-styled pleading entitled "Writ of Habeas Corpus." (Docket No. 1.) The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that Petitioner's application for a writ of habeas corpus be SUMMARILY DISMISSED pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

Petitioner's submissions indicate that he has been civilly committed, and that he is currently being detained at the Anoka Metropolitan Regional Treatment Center in Anoka, Minnesota. Petitioner's habeas corpus petition provides no meaningful information about the cause or reasons for his commitment, or the expected duration of his confinement. Furthermore, Petitioner has not offered any intelligible reason why he should be released from confinement.

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

More significantly, (at least for present purposes), Petitioner has made no effort to show that he has exhausted all available state court remedies that could be used to challenge his confinement. It is well established that a federal court may not entertain a petition for a writ of habeas corpus brought by a person in state custody, unless the petitioner has first exhausted all available state court remedies. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982). To exhaust his state court remedies, a habeas petitioner must fairly present all of his claims to the highest available state court before seeking relief in federal court. O'Sullivan, supra. See also McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) ("before we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court").

Even though Petitioner apparently is in custody pursuant to a civil commitment proceeding, rather than a state criminal prosecution, there are state court remedies available to him, which he must exhaust before seeking federal habeas corpus relief. See State ex rel. Anderson v. U.S. Veterans Hospital, 128 N.W.2d 710, 714 (Minn. 1964) (recognizing that a civilly committed patient may challenge the constitutionality of his confinement through state habeas corpus procedures).

Because Petitioner has not shown that he has exhausted his state court remedies, his habeas corpus petition cannot be entertained at this time. The Court will therefore recommend that this action be summarily dismissed pursuant to Rule 4 of the Governing Rules. It will be recommended that the action be dismissed without prejudice, so that Petitioner will be able to return to federal court, if necessary, after he has presented all of his

2

claims for relief to the Minnesota state courts -- including the Minnesota Supreme Court.[2]

Finally, the Court notes that this is the third case that Petitioner has filed in this District during the past two months. Petitioner's two other recent cases, <u>Hollingsworth v. Hennepin County Jail</u>, Civil No. 05-654 (DSD/SRN), and <u>Hollingsworth v. State of Minnesota</u>, Civil No. 05-922 (DSD/SRN), were summarily dismissed because those cases, like this one, were clearly unsustainable. Given Petitioner's recent litigation history, the Court finds it necessary to warn him that he may soon lose his privilege to seek relief in federal court at will. <u>If Petitioner brings one more action in this District that fails to survive initial screening procedures, the Court will recommend that Petitioner be barred from filing any further actions without advance written permission from a Judge or Magistrate Judge.</u>

### RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

Petitioner's application for a writ of habeas corpus, (Docket No. 1), be summarily dismissed without prejudice.

Dated: May 25, 2005

                                                      s/ Susan Richard Nelson
                                                     SUSAN RICHARD NELSON
                                                     United States Magistrate Judge

---

[2] If Petitioner should find it necessary to return to federal court after fully exhausting all possible state court remedies, he will have to submit his next petition on the habeas corpus form prescribed for use in this District. <u>See</u> Local Rule 9.3. He will also have to make sure that the form is properly completed, so that the reasons for his confinement and the nature of his claims can be more readily discerned.

Under D. Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **June 10, 2005**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.